FARNSWORTH v. BORO OIL & GAS CO.

(Supreme Court, Appellate Division, Fourth Department.   January 15, 1913.)

Appeal from Special Term, Erie County.

Action by Newton E. Farnsworth against the Boro Oil & Gas Company.   From a judgment for plaintiff (76 Misc. Rep. 37, 134 N. Y. Supp. 348), defendant appeals.   Affirmed.

Ward J. Wilber, of Gowanda, for appellant.
Fred J. Blackmon, of Buffalo, for respondent.

PER CURIAM.   Judgment affirmed, with costs, upon the opinion of Pound, J., delivered at Special Term.   All concur, except KRUSE, and LAMBERT, JJ., who dissent in a memorandum by KRUSE, J.

KRUSE, J. (dissenting).   Concededly the town board has no authority over the highways of the town, and, beyond the fact that the defendant's pipes have been permitted to remain in the highway, there is nothing to connect the highway commissioner with the consent to use the highway given by the town board to the defendant.   If the commissioner of highways, whose consent to the use of the highways is necessary for such purposes, had given his consent, upon which the gas company had acted, and under which it was enjoying certain privileges which it otherwise would not have, upon terms and conditions voluntarily accepted by the gas company, the doctrine of estoppel might apply, although the commissioner of highways had no legal right to exact or require such conditions.   That is as far, I think, as the decision goes in the case of Rochester Telephone Company v. Ross, 125 App. Div. 76, 109 N. Y. Supp. 381, relied upon by the plaintiff.   But here the gas company obtained nothing from the town board, and the consent does not, as I think, rest upon even a shadow of right.

It is possible that the circumstances may be such that the parties to the action, as between themselves, adopted the terms and conditions of the so-called franchise and made them a part of their contract under which the defendant was to supply gas to the plaintiff; but the case does not seem to have been tried or decided upon that theory, and I hardly think the findings of fact, as they now appear, are sufficient to justify an affirmance upon that theory; nor was the case tried upon the theory that the highway commissioner adopted the action of the town board.   There is no finding to that effect, or evidence to warrant such a finding.   It does not appear that the highway commissioner knew the terms of the so-called franchise, or that the town board had assumed to act upon that matter, or that he was connected with the matter in any way.   He is not a member of the town board.